| | |
|---|---|
| 1 | DANIEL V. KITZES (SBN 305928) |
| | DKitzes@FoxRothschild.com |
| 2 | FOX ROTHSCHILD LLP |
| | 10250 Constellation Boulevard, Suite 900 |
| 3 | Los Angeles, California 90067 |
| | Telephone:    310.598.4150 |
| 4 | Facsimile:    310.556.9828 |

Attorney for Defendant
QUALTEK WIRELESS LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DODGE, INDIVIDUALLY AND FOR ALL OTHERS SIMILARLY SITUATED, | Case No. 2:25-at-17 |
| Plaintiff, | **DEFENDANT QUALTEK WIRELESS LLC'S NOTICE OF REMOVAL AND REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1367(a), 1441, AND 1446** |
| v. | |
| QUALTEK WIRELESS LLC & DOES 1 THROUGH 50, INCLUSIVE, | *[Removed from Sacramento County Superior Court, Case No. 24CV021086]* |
| Defendants. | Complaint filed: Oct. 17, 2024 |
| | First Amended Complaint Filed: Dec. 5, 2024 |

1

Def.'s Notice Of Removal And Removal
166529312.3

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AN TO PLAINITFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant QualTek Wireless LLC ("Defendant"), hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Sacramento to the United States District Court for the Eastern District of California. This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. §§ 1367(a), 1441, and 1446 because Plaintiff alleges claims under federal law—namely, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Accordingly, removal is proper based on the following grounds:

## I.  PROCEDURAL BACKGROUND

1. On October 17, 2024, Plaintiff Joshua Dodge ("Plaintiff") filed his original complaint against Defendant in the Superior Court of California, County of Sacramento, Case No. 24CV021086, entitled *Joshua Dodge v. QualTek Wireless LLC* (the "Complaint"). The Complaint asserts class claims for (1) Failure to Pay for All Hours Worked (Cal. Lab. Code § 204); (2) Failure to Pay Overtime (Cal. Lab. Code § 510); (3) Failure to Authorize and Permit and/or Make Available Meal and Rest Periods (Cal. Lab. Code §§ 226.7 and 512); (4) Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code § 226); (5) Waiting Time Penalties (Cal. Lab. Code §§ 201-203); and (6) Violation of the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq*., or "UCL"). *See* Declaration of Daniel V. Kitzes in Support of Defendant's Notice of Removal and Removal ("Kitzes Decl."), ¶ 2 & Ex. A.

2. On October 22, 2024, Plaintiff personally served the Summons and Complaint on Defendant. *Id.* ¶ 3 & Ex. B.

3. Thereafter, pursuant to California Rule of Court 3.110(d), the parties stipulated to a 15-day extension for Defendant to respond to the Complaint, up to and including December 6, 2024. On December 4, 2024, to permit the parties to continue to meet and confer concerning the Complaint, Defendant's contemplated demurrer, and the filing of a proposed amended complaint, the parties stipulated to further extend the time to file a responsive pleading, to and including January 21, 2025. Kitzes Decl. ¶ 4 & Ex. C.

4.  On December 5, 2024, Plaintiff filed the operative First Amended Complaint ("FAC"). The FAC asserts the same California Labor Code claims as the original Complaint, drops the UCL claim, and adds additional "class" or representative claims for failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"). See Kitzes Decl. ¶ 5 & Ex. D.

5.  On December 11, 2024, Plaintiff filed a Motion to Conditionally Certify of an FLSA Collective Action. Kitzes Decl. ¶ 6 & Ex. E.

6.  Defendant has not served any additional documents in this action. *Id*.

## II. TIMELINESS OF REMOVAL

7.  On December 5, 2024, Plaintiff served Defendant with the Summons and FAC. *See* Kitzes Decl. ¶ 3 & Ex. B.

8.  Notice of removal is timely if it is filed within thirty (30) days after service of a complaint or summons wherein the federal cause of action is asserted or appears. *See* 28 U.S.C. § 1446(b)(1).

9.  Defendant's Notice of Removal is timely because it is filed within thirty (30) days of the completion of service of the FAC. *See* 28 U.S.C. § 1446(b); *see also* Kitzes Decl. ¶ 3 & Ex. B.

## III. FEDERAL QUESTION JURISDICTION

10. The FAC's sixth cause of action is for failure to pay overtime wages in violation of the FLSA, 29 U.S.C. § 201 *et seq*. *See* Kitzes Decl. ¶ 5 & Ex. D. Because Plaintiff has asserted a federal claim arising under the FLSA, this Court has original jurisdiction under 28 U.S.C. § 1331 and the action may be removed by Defendant pursuant to 28 U.S.C. § 1441(a).

11. This Court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367(a), as these claims arise out of the same case or controversy. *See* Kitzes Decl. ¶ 5 & Ex. D.

///

///

///

## IV. VENUE

12. Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a), and 1446(a) because the Complaint was filed in Sacramento County, a county within this District, and this is the judicial district in which the action arose. *See id.*

## V. NOTICE TO THE STATE COURT AND TO PLAINTIFF

13. A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of California, County of Sacramento, pursuant to 29 U.S.C. § 1446(d).

## PRAYER FOR REMOVAL

WHEREFORE, Defendant respectfully requests that the above action now pending against it in the Superior Court of California, County of Sacramento, be removed to the United States District Court for the Eastern District of California.

Dated: January 3, 2024

FOX ROTHSCHILD LLP

*/s/ Daniel V. Kitzes*
Daniel V. Kitzes

Attorney for Defendant
QUALTEK WIRELESS LLC