UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DODGE, | No. 2:25-cv-00043-DAD-AC |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR STAY THIS ACTION |
| QUALTEK WIRELESS LLC, | |
| Defendant. | (Doc. No. 7) |

This matter is before the court on defendant's motion to dismiss or stay this action filed on January 22, 2025. (Doc. No. 7.) On February 4, 2025, the pending motion was taken under submission on the papers. (Doc. No. 11.) For the reasons explained below, defendant's motion will be denied.

**BACKGROUND**

This is a putative Fair Labor Standards Act ("FLSA") collective action arising from defendant's alleged failure to pay overtime wages and in which plaintiff also asserts several California Labor Code claims.[1] (*See* Doc. No. 5.) On October 17, 2024, plaintiff filed his original complaint initiating this action in the Sacramento County Superior Court, asserting

---
[1] The court will address plaintiff's pending motion for conditional certification of a FLSA collective action (Doc. No. 9) in a separate order.

1

various California state law claims against defendant. (Doc. No. 1-3.) Plaintiff filed his first amended complaint ("FAC") in state court on December 5, 2024, adding a FLSA claim for failure to pay overtime wages. (Doc. No. 1-4.) On January 3, 2025, defendant removed this action on the grounds that this court has federal question jurisdiction over plaintiff's FLSA claim and supplemental jurisdiction over plaintiff's state law claims. (Doc. No. 1 at ¶¶ 10, 11.) Plaintiff filed his operative second amended complaint ("SAC") on January 8, 2025. (Doc. No. 5.) In his SAC, plaintiff again asserts California Labor Code claims, as well as his FLSA claim for overtime wages. (*Id.*)

On January 22, 2025, defendant filed the pending motion to dismiss or stay this action pursuant to (1) the first-to-file rule in light of then-pending proceedings in the Eastern District of Pennsylvania and (2) the *Colorado River* doctrine in light of pending proceedings in California state court. (Doc. No. 7.) Plaintiff filed his opposition on February 12, 2025. (Doc. No. 13.) On February 19, 2025, defendant filed its reply thereto. (Doc. No. 14.)

On April 23, 2025, plaintiff filed a purported notice of supplemental authority stating that the action in the Eastern District of Pennsylvania had been dismissed without prejudice and arguing that the pending motion to dismiss was therefore moot. (Doc. No. 18.) On May 29, 2025, defendant filed a motion for leave to file a supplemental brief in response to plaintiff's purported notice of supplemental authority, which defendant contends contained further legal argument rather than a mere notice of authority. (Doc. No. 23.) In defendant's proposed supplemental brief attached to its pending administrative motion, defendant withdraws its request that plaintiff's FLSA claims be transferred to the Eastern District of Pennsylvania pursuant to the first-to-file rule. (Doc. No. 23-1 at 6.) However, defendant continues to advance its arguments regarding the *Colorado River* doctrine and the pending California state court proceedings, which are unrelated to the action in the Eastern District of Pennsylvania. (*Id.* at 6–7.) The court grants defendant's administrative motion (Doc. No. 23) and will consider defendant's supplemental brief (Doc. No. 23-1).

/////

/////

2

## LEGAL STANDARD

Although federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," the Supreme Court has recognized that federal courts may dismiss or stay a case "in situations involving the contemporaneous exercise of concurrent jurisdictions . . . by state and federal courts." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). This power stems from the court's "considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). The court's power to stay or dismiss a case under *Colorado River*, however, is "considerably . . . limited" and only applies in "exceptional" circumstances. *Id.* at 818.

In the Ninth Circuit, eight factors are to be considered by the court in determining the appropriateness of a stay under *Colorado River*:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. Street & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011) (citing *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002)). "These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a 'mechanical checklist.'" *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988). "The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case. Some factors may not apply in some cases, and, in some cases, a single factor may decide whether a stay is permissible." *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1203 (9th Cir. 2021) (internal quotations and citations omitted).

In the Ninth Circuit, particular attention is paid to the eighth factor: "In this Circuit, the narrow *Colorado River* doctrine requires that the pending state court proceeding resolve all issues in the federal suit." *Holder*, 305 F.3d at 859. Indeed, if "there exists a substantial doubt as to

3

whether the state court proceeding will resolve all of the disputed issues in [the federal] case, it is unnecessary for [the court] to weigh the other factors included in the *Colorado River* analysis." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 n.7 (9th Cir. 1993). The Supreme Court has recognized that "[w]hen a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). However, courts should be "particularly reluctant to find that the actions are not parallel when the federal action is but a 'spin-off' of more comprehensive state litigation." *Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989).

"Within the Ninth Circuit, district courts must stay, rather than dismiss, an action when they determine that they should defer to the state court proceedings under *Colorado River*." *Coopers & Lybrand v. Sun-Diamond Growers of CA*, 912 F.2d 1135, 1138 (9th Cir. 1990).

## ANALYSIS

### A.    The Parties' Contentions

In the pending motion, defendant argues that based on consideration of the *Colorado River* factors, the court should stay this action pending resolution of *Golub v. QualTek Wireless LLC*, No. 37-2022-00038169-CU-OE-CTL ("the State Court Action"), a putative class action that has been pending in the San Diego County Superior Court since September 26, 2022. (Doc. No. 7-1 at 18–21; *see also* Doc. No. 7-6.) Defendant argues that in the State Court Action all of the same claims that plaintiff asserts in this action are asserted, with the sole exception of plaintiff's FLSA claim. (Doc. No. 7-1 at 20.) However, defendant argues, resolution of the Labor Code claims in the State Court Action will resolve plaintiff's FLSA claim because both actions are predicated on the same factual allegations. (*Id.*)

In opposition, plaintiff argues that the State Court Action will not resolve his claims, or those of any California member of the FLSA collective action, because they will have the opportunity to opt out of any class that is certified and any class settlement that is approved in the State Court Action. (Doc. No. 13 at 9.) Indeed, plaintiff expressly states that he will opt out of

1  any class that is certified in the State Court Action. (*Id.* at 10.) Consequently, plaintiff argues, there is "substantial doubt *Golub* will resolve all issues in this case. In fact, we already know it won't." (*Id.*)

In reply, defendant addresses many other *Colorado River* factors at length. (*See* Doc. No. 14 at 7–13.) As to whether the State Court Action will resolve all claims presented in this federal action, defendant advances a somewhat unclear argument, but eventually concedes that "if Dodge, or others, decide to opt out of *Golub*, then they can proceed at that time. But if they do not, then their clams are resolved in *Golub*." (*Id.* at 9; *see also id.* at 11 ("[T]he *Golub* court is the best place to resolve [plaintiff's] state law claims, and that resolution *may* moot his FLSA claims.") (emphasis added)).

**B.     Application of the *Colorado River* Doctrine**

"In this Circuit, the narrow *Colorado River* doctrine requires that the pending state court proceeding resolve all issues in the federal suit." *Holder*, 305 F.3d at 859. Defendant does not dispute that plaintiff may opt out of any class action settlement that results from the State Court Action and that he may subsequently pursue his claims in this action. Moreover, plaintiff has affirmatively stated that he will opt out of any class action settlement in the State Court Action. The court cannot find that the State Court Action will likely resolve all issues in this federal action under such circumstances. As one district court has stated under strikingly similar circumstances:

> Plaintiffs' FLSA claim is based upon a failure to pay overtime, which is the same basis for their violation of California Labor Code § 510 claim. And this California law claim is similarly set forth in the [state court] *Bell* and *Monreal* Actions. . . . However, the Court has serious concerns as to whether the State Court Actions will fully dispose of the present case . . . . If the State Court Actions settle out of court, and if Plaintiffs opt out of those classes, this case will need to be litigated in full upon return. Although Plaintiffs did not oppose Defendant's request for a stay under *Colorado River*, they now inform the Court they are likely to opt-out of any settlement. Consequently, the Court has substantial doubt that it will have 'nothing further to do in resolving any substantive part of the case,' when the stay is lifted upon resolution of the State Court Actions and therefore the present situation does not pose the 'exceptional circumstances' required for the Court to invoke the *Colorado River* doctrine.

5

*Franklin v. Scripps Health*, No. 22-cv-00367-MMA-MDD, 2022 WL 4389691, at *4 (S.D. Cal. Sept. 21, 2022) (internal citations omitted); *see also State Water*, 988 F.3d at 1204 ("[A] district court may enter a *Colorado River* stay order only if it has 'full confidence' that the parallel state proceeding will *end the litigation*.").

Defendant argues that courts "faced with similar circumstances have stayed FLSA claims during the pendency of the parallel state action." (Doc. No. 7-1 at 20) (citing *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014 (N.D. Cal. 2008)). However, the district court in its decision in *Ross* appeared to find that concerns over forum shopping outweighed any doubts regarding whether the state court actions would resolve all claims in the federal action. *See Ross*, 542 F. Supp. 2d at 1021–23 ("However, neither side has indicated whether the courts in either *Lowdermilk* or *Tate* have ruled on class certification, so there is some doubt as to whether those two state cases will resolve issues in the present case. It is thus proper to consider the non-dispositive factors. . . . Defendant argues vehemently that plaintiffs are engaged in forum shopping by pursuing this action and all indications are that this is true. This Court will not encourage forum shopping by allowing a substantially similar federal action to proceed.") (internal citations omitted). Indeed, the Ninth Circuit has stated that there may be an unusually strong rationale for applying the *Colorado River* doctrine in the presence of forum shopping:

> There is a strong presumption that the presence of an additional claim in the federal suit means that *Colorado River* is inapplicable. However, because of the concern over forum shopping, there might be rare circumstances in which a district court could properly issue a partial *Colorado River* stay. If there is clear-cut evidence of forum shopping—meaning the party filing the federal suit clearly added a new claim to avoid state court adjudication—then the district court may analyze the claims separately and decide if a partial stay is appropriate. When there is concurrent federal and state court jurisdiction over the additional claim (as opposed to exclusive federal jurisdiction), there is stronger evidence of forum shopping, as the plaintiff in the federal case could have pursued that additional claim in state court.

*State Water*, 988 F.3d at 1206–07.

To that end, defendant argues that plaintiff has engaged in forum shopping, specifically arguing that plaintiff added his FLSA claim in his FAC in order to avoid consolidation with the State Court Action. (Doc. No. 7-1 at 21.) However, the court does not find any such strong

6

concerns of forum shopping here and therefore finds the district court's decision in *Ross*, the only on point authority relied upon by defendant, to be distinguishable.[2] While "there is concurrent federal and state court jurisdiction over the additional [FLSA] claim (as opposed to exclusive federal jurisdiction)," plaintiff did in fact "pursue[ ] that additional claim in state court." *Id.* It was defendant who removed this action to this federal court, expressly on the basis on the federal question jurisdiction provided by plaintiff's FLSA claim. *Cf. Mayen v. W.M. Bolthouse Farms, Inc.*, No. 1:21-cv-00318-DAD-BAK, 2022 WL 3567191, at *8 n.11 (E.D. Cal. Aug. 18, 2022) ("The Ninth Circuit in *State Water* found that the strong presumption against staying an action could be overcome through 'clear-cut evidence of forum shopping.' However, here, defendant Bolthouse does not argue that plaintiff was forum shopping, nor could it, because this case is only in federal court because of defendant Bolthouse's removal of the case. Otherwise, both actions would have been pending in the Kern County Superior Court.").

Because "there exists a substantial doubt as to whether the state court proceeding will resolve all of the disputed issues in [the federal] case, it is unnecessary for [the court] to weigh the other factors included in the *Colorado River* analysis." *Intel Corp.*, 12 F.3d at 913 n.7. Defendant's motion to stay this action pursuant to the *Colorado River* doctrine will therefore be denied.[3]

/////

---

[2] The court therefore does not consider whether the district court's decision in *Ross* is persuasive.

[3] Defendant argues for the first time in reply that the court should not consider whether the State Court Action would resolve the claims of plaintiffs from states other than California who opt into the FLSA collective action, because such claims must be dismissed for lack of personal jurisdiction. (Doc. No. 14 at 12.) In their briefing on plaintiff's motion for certification, the parties noted that the Ninth Circuit had not resolved the split among district courts regarding the application of personal jurisdiction in such circumstances. (*See* Doc. Nos. 12 at 19–21; 15 at 13–16.) Subsequently, on July 1, 2025, the Ninth Circuit addressed this split and held that "where the basis for personal jurisdiction in the [FLSA] collective action is specific personal jurisdiction, the district court must assess whether each opt-in plaintiff's claim bears a sufficient connection to the defendant's activities in the forum state." *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678, 682 (9th Cir. 2025). Because defendant's motion to stay will be denied for the reasons discussed above, the court need not—and therefore does not—consider defendant's argument in this regard. Instead, the court will address this issue more fully in its separate order on plaintiff's motion for certification.

7

**CONCLUSION**

For the reasons discussed above, defendant's motion to dismiss or stay this action (Doc. No. 7) is DENIED.

IT IS SO ORDERED.

Dated: **July 25, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE