UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DODGE, individually and for others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> QUALTEK WIRELESS LLC, <br><br> Defendant. | No. 2:25-cv-00043-DAD-AC <br><br> ORDER DIRECTING THE FILING OF SUPPLEMENTAL BRIEFING <br><br> (Doc. No. 9) |

    In connection with plaintiff's motion for conditional certification of a Fair Labor Standards Act ("FLSA") collective action filed on January 29, 2025, the parties are directed to file supplemental briefing addressing the following issues:

    1.    On July 1, 2025, the Ninth Circuit found that "where the basis for personal jurisdiction in the [FLSA] collective action is specific personal jurisdiction, the district court must assess whether each opt-in plaintiff's claim bears a sufficient connection to the defendant's activities in the forum state." *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678, 682 (9th Cir. 2025). In granular terms, how should the court apply the Ninth Circuit's directive in this regard to the instant action?

/////

1

2. In addition, plaintiff is directed to respond to the argument advanced in defendant's notice of supplemental authority that "under *Harrington*, Dodge's motion for conditional certification should be denied or at least limited to only QualTek employees in California." (Doc. No. 28 at 3.)

The parties shall file their briefs addressing these issues within fourteen (14) days from the date of this order.

IT IS SO ORDERED.

Dated:  **August 15, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2