UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DODGE,<br><br>Plaintiff,<br><br>v.<br><br>QUALTEK WIRELESS LLC,<br><br>Defendant. | No. 2:25-cv-00043-DAD-AC<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION<br><br>(Doc. No. 9) |

This matter is before the court on plaintiff's motion for conditional certification of plaintiff's Fair Labor Standards Act ("FLSA") collective action lawsuit brought against defendant Qualtek Wireless LLC. (Doc. No. 9.) On February 24, 2025, plaintiff's motion was taken under submission on the papers pursuant to Local Rule 230(g). (Doc. No. 16.) For the reasons explained below, the court will deny plaintiff's motion without prejudice to its refiling.

**BACKGROUND**

Plaintiff Joshua Dodge was an hourly employee of defendant from approximately April 2021 through September 2024. (Doc. Nos. 5 at ¶ 53; 9-2 at 1.) Plaintiff worked for defendant as a foreman and was hired to build, repair, maintain, and/or upgrade hardware on telecommunications towers. (Doc. Nos. 5 at ¶ 54; 9-2 at 1.) In bringing this action, plaintiff proposes an FLSA class composed of the following employees:

1

> All current and former non-exempt QualTek employees in the United States who were subject to QualTek's meal period policy, bonus pay scheme, and/or per diem pay scheme at any time from October 17, 2021 through the present (the "Hourly Employees").

(Doc. No. 9-1 at 8.)

Plaintiff originally filed this collective action complaint in the Sacramento County Superior Court on October 17, 2024. (Doc. No. 1-1 at 8.) On December 5, 2024, plaintiff filed a first amended complaint in that court. (*Id.* at 79.) Defendant filed a notice of removal to this federal court on January 3, 2025 on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 as to plaintiff's FLSA claim and supplemental jurisdiction under 28 U.S.C. § 1367(a) as to plaintiff's state law claims. (Doc. No. 1 at 3.) On January 8, 2025, plaintiff filed a second amended complaint in which plaintiff asserted the following claims: (1) failure to pay for all hours worked in violation of California Labor Code § 204; (2) failure to pay overtime in violation of California Labor Code § 510; (3) failure to authorize and permit and/or make available meal and rest periods in violation of California Labor Code §§ 226.7, 512; (4) failure to provide timely and accurate itemized wage statements in violation of California Labor Code § 226; (5) for waiting time penalties pursuant to California Labor Code §§ 201–03; and (6) failure to pay overtime in violation of 29 U.S.C. § 201, *et seq.* (Doc. No. 5.)

On January 29, 2025, plaintiff moved for conditional certification of this FLSA collective action. (Doc. No. 9.) On February 12, 2025, defendant filed its opposition to the motion. (Doc. No. 12.) On February 21, 2025, plaintiff filed its reply thereto. (Doc. No. 15.)

**LEGAL STANDARD**

The FLSA permits employees to file civil actions against employers who abridge the FLSA's guarantees. 29 U.S.C. § 216(b); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013) ("The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract."). Employees may bring collective actions under the FLSA, representing all "similarly situated" employees, but "each employee [must] opt-in to the suit by filing a consent to sue with the district court." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000).

"[A]t or around the pleading stage, plaintiffs will typically move for preliminary certification." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1109 (9th Cir. 2018). "Preliminary certification . . . refers to the dissemination of notice to putative collective members, conditioned on a preliminary determination that the collective as defined in the complaint satisfies the 'similarly situated' requirement of section 216(b)." *Id.*; *see also* 29 U.S.C. § 216(b) ("An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). Plaintiffs seeking conditional certification of a collective action under the FLSA have the burden to show that they are "similarly situated" to other employee class members. *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1340 (N.D. Cal. 2014). Plaintiffs can show they are "similarly situated by making substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan." *Rodriguez v. Danell Custom Harvesting, LLC*, 293 F. Supp. 3d 1117, 1130 (E.D. Cal. 2018) (quoting *Nen Thio*, 14 F. Supp. 3d at 1340) (internal quotation marks omitted). Courts are to apply a lenient standard when determining whether to conditionally certify a collective. *See Syed v. M-I, L.L.C.*, No. 1:12-cv-01718-AWI-MJS, 2014 WL 6685966, at *2 (E.D. Cal. Nov. 26, 2014).

## ANALYSIS

Plaintiff's proposed FLSA class definition incorporates all of defendant's hourly employees from October 17, 2021 to the present. (Doc. No. 9-1 at 8.) In his pending motion, plaintiff argues that all of defendant's hourly employees are similarly situated because their jobs require them to climb towers outdoors, and therefore defendant knew or should know that these employees cannot readily be relieved of all work duties and safety duties during unpaid meal breaks due to the very nature of their jobs. (Doc. No. 9-1 at 16.) In its opposition, defendant argues that not all of defendant's hourly employees are similarly situated because they are not all "Tower Technicians" responsible for climbing towers outdoors. (Doc. No. 12 at 17.) Defendant
/////

argues that this job responsibility is crucial to plaintiff's theory that all proposed class members cannot take meal breaks due to the nature of working on communication towers.  (*Id.*)

In support of his motion, plaintiff offers declarations from three of defendant's hourly employees—plaintiff, Victor Pimentel, and Brian Walsh, Jr.  (Doc. Nos. 9-2, 9-3, 9-4.)  Each declaration refers to similarities between defendant's "telecom employees" or "telecom tower employees" rather than its hourly employees.  (Doc. Nos. 9-2, 9-3, 9-4.)  The most that can be said regarding hourly employees based on these declarations submitted by plaintiff is that all telecom employees are hourly employees.  (Doc. Nos. 9-2 at 1; 9-3 at 1; 9-4 at 1.)  Plaintiff's evidence does not, however, assert or provide support for the conclusion that all of defendant's hourly employees are telecom employees, or that non-telecom hourly employees are otherwise similarly situated.  As such, it would not be appropriate for the court to grant conditional certification of the class as proposed by plaintiff.  *Cooley v. Air Methods Corp.*, No. 19-cv-00850-PHX-DLR, 2020 WL 9311858, at *4 (D. Ariz. Sept. 25, 2020) ("Plaintiffs' proposed class is too broad. . . .  The evidence Plaintiffs provide at the conditional certification stage exclusively relates to AMC's policy of deducting sleep time from overtime compensation, not a more widespread policy to otherwise neglect to compensate for overtime."); *Johnson v. Q.E.D. Env't Sys. Inc.*, No. 16-cv-01454-WHO, 2017 WL 1685099, at *8 (N.D. Cal. May 3, 2017) ("Johnson has testified that he and six or seven of his coworkers were regularly encouraged to miss meal breaks to accommodate rush jobs.  Plaintiffs have also presented evidence that from March 31, 2014–August 22, 2014 the San Leandro facility had an auto-deduct policy.  This evidence, together, is sufficient for plaintiffs to meet their burden at the conditional certification stage with regard to a narrow group."); *Rodriguez v. RCO Reforesting, Inc.*, No. 2:16-cv-02523-WBS-CMK, 2017 WL 3421963, at *3 (E.D. Cal. Aug. 9, 2017) ("Plaintiffs Loa's and Rodriguez's declarations discuss their knowledge of FLSA violations incurred by other H-2B visa workers, but make no mention of those in corresponding employment. . . .  The court will exercise its discretion to narrow the scope of the proposed collective action and exclude those in corresponding employment.").

/////

"The court may, in its discretion, narrow the scope of the proposed collective action." *Rodriguez*, 2017 WL 3421963, at *2. However, the court finds that it would be premature to do so here. Neither party has proposed any class definition that references telecom employees, telecom tower employees, or Tower Technicians or suggested that such class definitions would be appropriate here. Therefore, the court will deny plaintiff's motion without prejudice to its refiling in order to provide plaintiff with an opportunity to narrow the class definition as he sees fit or to supplement, before or after further discovery, the evidence substantiating plaintiff's assertion that defendant's hourly employees are similarly situated and that his presently proposed FLSA class is appropriate. *Campbell*, 903 F.3d at 1109 ("Denial of preliminary certification may be without prejudice and may be revisited by the district court after further discovery.").[1]

**CONCLUSION**

Accordingly, plaintiff's motion for conditional certification (Doc. No. 9) is DENIED without prejudice to refiling.

IT IS SO ORDERED.

Dated: **September 15, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1] The court declines to address defendant's remaining arguments regarding conditional certification or appropriate notice at this time.

5